## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

LANDMARK EQUITY FUND II, LLC     *

                                      *

    Plaintiff

                                      *

    v.                              *           CIVIL NO. JKB-13-1304

                                        *

REGINA M. DOTSON, *et al*.

                                      *

    Defendants

                                      *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### MEMORANDUM

Now pending before the Court is a motion (ECF No. 79), filed by Mr. Paul Wersant on behalf of Regina M. Dotson and Ladonja Dotson ("the Dotsons"), asking the Court to reconsider previously entered orders denying Mr. Wersant's request to appear on behalf of the Dotsons (ECF Nos. 68 & 72) and striking the Dotsons' improperly filed answer and crossclaim (ECF No. 72). The Court has carefully considered both the Dotsons' motion[1] (ECF No. 79) and Deutsche Bank's response in opposition (ECF No. 81), and no hearing is required, Local Rule 105.6. For the reasons explained below, the Dotsons' motion to reconsider will be GRANTED IN PART AND HELD IN ABEYANCE IN PART.

### A.    BACKGROUND

These proceedings have a long and difficult history. Mr. Wersant was—and according to the docket still remains—counsel for the original Plaintiff, Landmark Equity Fund II, LLC

---

[1] Technically, this is *Mr. Wersant's* motion for the reason that Mr. Wersant did not represent the Dotsons when the motion was docketed. However, the Court refers to this motion as brought by the Dotsons because, by this memorandum and accompanying order, Mr. Wersant will now be permitted to represent the Dotsons. *See infra.*

("Landmark").  Landmark brought the original suit against the Dotsons, Deutsche Bank National Trust Co. ("Deutsche Bank"), and Equable Ascent Financial, LLC,[2] to quiet title to 4828 Jackson Street, Hurlock, Maryland, which in these proceedings has come to be known as "Parcel #2." (ECF No. 1.)  On June 5, 2013, Landmark filed a motion for Clerk's Entry of Default against Deutsche Bank for want of answer or other defense (ECF No. 8), and the Clerk entered default against Deutsche Bank on June 10, 2013 (ECF No. 9).  On October 1, 2013, the Court entered a consent decree purporting to resolve all claims between Landmark and the Dotsons.  (ECF No. 19.)  The case was then closed.

On December 23, 2013, Deutsche Bank filed a motion to set aside the default entered against it.  (ECF No. 20.)  During the following year, Landmark attempted to secure a resolution with Deutsche Bank.  (*See generally* ECF Nos. 20-56.)  It was during this protracted process that Landmark and Deutsche Bank uncovered a recording error.  Apparently, due to this error, Deutsche Bank had incorrectly believed that it had, and then wrongly asserted, an interest in Parcel #2.  Informed by this development, Deutsche Bank instead now claims an interest in 4830 Jackson Street, Hurlock, Maryland, which in these proceedings has come to be known as "Parcel #1."  Parcel #1 is directly adjacent to Parcel #2.

The Court held a status hearing on September 23, 2014, hoping to address all remaining impediments to resolution between Landmark and Deutsche Bank.  (ECF No. 55.)  During the hearing, counsel for Landmark (Mr. Wersant) and counsel for Deutsche Bank (Mr. Menachem Lanner of Miles and Stockbridge) conferred at the Court's direction to propose consent orders that would resolve the remaining claims.  Significantly, the Court recalls seeing and hearing Mr.

---

[2] This party is sometimes referred to as "Equitable Ascent Financial" in filings with the Court, but the party appears as "Equable Ascent Financial" on the docket.

Wersant give advice to Deutsche Bank's counsel in open court while the parties drafted these orders.

On September 24, 2014, the Court issued a consent order (ECF No. 56), which amended the consent decree from October 2013 (ECF No. 19) that had resolved claims between Landmark and the Dotsons.  The Court's order clarified that Landmark has an interest in Parcel #2, and that Landmark's interest does not cancel or invalidate Deutsche Bank's claimed interest in Parcel #1. (ECF No. 56 at 5.)  The order granted Deutsche Bank's motion to vacate the default entered against it (ECF No. 20), and arguably re-opened the case,[3] but only to allow Deutsche Bank to seek relief as to Parcel #1.  (ECF No. 56 at 6.)  The order also resolved all remaining claims against Equable Ascent Financial, LLC.  (*Id.* at 7.)  The Court concluded that Landmark "and its assignee are excused and released from further participation in this case, resolved as to Parcel No. 2. [sic]"  (*Id.*)  Despite the awkward language, this order concluded Landmark's involvement in this case.

Having resolved all claims regarding Parcel #2, the Court directed Deutsche Bank to notify the Dotsons that Deutsche Bank intended to pursue new claims regarding Parcel #1.  (ECF No. 57.)  In subsequent weeks, Deutsche Bank apparently considered retaining Mr. Wersant for the remainder of the case, but instead decided to continue working with Miles and Stockbridge. (*See* ECF No. 79-7.)  On November 21, 2014, Deutsche Bank filed a crossclaim against the Dotsons (ECF No. 64), and on January 14, 2015, Deutsche Bank filed a motion for Clerk's Entry of Default for the Dotsons' want of answer or other defense (ECF No. 66).

On January 14, Mr. Wersant—still then counsel for Landmark on the docket of this case—filed a motion for extension of time—on behalf of the Dotsons—to respond in opposition

---

[3] The order, drafted by counsel but obviously signed by the Court, was not a model of clarity, and has contributed to subsequent confusion.

to the motion for Clerk's Entry of Default.  (ECF No. 67.)  The Court responded with concerns raised by Mr. Wersant's proposed arrangement; Mr. Wersant would be representing both Landmark as Plaintiff and the Dotsons as Defendants, at least according to the docket.  (ECF No. 68.)  Generally speaking, a single lawyer cannot represent both a plaintiff and a defendant in the same lawsuit.  In the Court's letter order (*id.*), the Court worried that "[e]ven if this arrangement could be legally justified, the appearance of impropriety would be difficult to overcome," and thus ordered that Mr. Wersant first obtain consent from Deutsche Bank before he could docket further filings on behalf of the Dotsons.  (*Id.*)  Neither Mr. Wersant nor the Dotsons responded to the Court's order during the following two weeks, and so the Clerk entered default against the Dotsons on February 4.  (ECF No. 70.)

On February 9, Mr. Wersant again attempted to docket filings on behalf of the Dotsons— this time Mr. Wersant docketed an answer to Deutsche Bank's crossclaim, as well as a crossclaim against Deutsche Bank.  (ECF No. 71.)  The Court reiterated that "Mr. Wersant does not represent the Dotson defendants in this matter."  (ECF No. 72.)  Further, the Court explained that Mr. Wersant attempted to file "well past the Court's ordered deadline," and also that the Dotsons could "not file an answer or other responsive pleading at this time without first asking the Court to set aside the Clerk's entry of default, pursuant to Fed. R. Civ. P. 55(c)."  (*Id.*)  For these reasons, the Court ordered that the Clerk strike Mr. Wersant's improper filing.  (*Id.*)

On April 6, Deutsche Bank filed a now pending motion to join Jeanette Dotson as a necessary party, pursuant to Federal Rule of Civil Procedure 19.  (ECF No. 76.)  And on April 24, Mr. Wersant filed the instant motion to reconsider.  (ECF No. 79.)  The Court ordered that Deutsche Bank file a response "to Mr. Wersant's specific representations regarding his ability to

represent the Dotson Defendants" (ECF No. 80), and Deutsche Bank filed a response in opposition to Mr. Wersant's motion on May 4 (ECF No. 81).

**B.     ANALYSIS**

The power to reconsider an order is "committed to the discretion of the district court." *Am. Canoe Ass'n, Inc. v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003). In exercising this discretion, courts must be sensitive to "concerns of finality and judicial economy." *Id.* However, "[t]he ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law." *Id.*

### 1.   Mr. Wersant's Request to Represent the Dotsons

The Court has carefully reviewed this case's convoluted history to assess whether it would be proper for Mr. Wersant—who currently represents Landmark as the original Plaintiff— to now represent the Dotsons in Deutsche Bank's crossclaim. In denying Mr. Wersant's past requests to appear on behalf of the Dotsons, the Court was concerned that such an arrangement might present a conflict of interest. The Maryland Lawyers' Rules of Professional Conduct ("MLRPC") provides in relevant part:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a conflict of interest. A conflict of interest exists if:
>
> (1) the representation of one client will be directly adverse to another client; or
>
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer. MLRPC Rule 1.7.

The Court raised concerns about a possible conflict of interest in a pair of orders. (ECF Nos. 68 & 72.) A conflict of interest presents serious issues, and the Court did then, and continues to now, approach these issues with appropriate care. Now faced with Mr. Wersant's

third request to appear on behalf of the Dotsons, the Court has given Deutsche Bank an opportunity to litigate the matter. Ultimately, Deutsche Bank has come forward with no grounds to oppose Mr. Wersant's request aside from MLRPC Rule 1.7. They have failed to cite any other legal authority.

Mr. Wersant's proposed arrangement does not violate MLRPC Rule 1.7. Crucially, nothing persuades the Court that Mr. Wersant has ever developed an attorney/client relationship with Deutsche Bank. Indeed, Deutsche Bank concedes that Mr. Wersant has not represented Deutsche Bank in this case. (ECF No. 81 at 5.) Thus, in representing the Dotsons, Mr. Wersant's representation of one *client* would not be directly adverse to another *client* under MLRPC Rule 1.7(a)(1). The Court once expressed concern about Mr. Wersant sharing advice with Deutsche Bank, raising the red flag of a potential conflict of interest. However, Deutsche Bank has produced no evidence that Mr. Wersant was privy to confidential information, or work-product, related to Deutsche Bank's representation, thus lowering the red flag. Therefore, Mr. Wersant's representation of the Dotsons would not be limited by MLRPC Rule 1.7(a)(2). Indeed, Mr. Wersant's proposed arrangement does not present a problem under either prong of MLRPC Rule 1.7.

In addition, and upon the Court's consideration of the now full record on this matter, Mr. Wersant's proposed representation of the Dotsons does not present the appearance of impropriety. Mr. Wersant has only appeared on behalf of parties directly adverse to Deutsche Bank in this case. Originally, Mr. Wersant represented Landmark as Plaintiff against Deutsche Bank as Defendant. Now, with all of Landmark's claims having been resolved months ago,[4] the sole remaining claim is Deutsche Bank's crossclaim against the Dotsons. In representing the

---

[4] The Court now clarifies that all of Landmark's claims were resolved by ECF No. 56. The Court will issue an order accompanying this memorandum to that effect, terminating Landmark as a party and dismissing all claims by Landmark.

Dotsons, Mr. Wersant will once again be procedurally aligned directly adverse to Deutsche Bank. The Court presumes that Mr. Wersant understands his ethical obligations to his former client, Landmark, and his prospective client, the Dotsons. These obligations may possibly include obtaining express written permission from Landmark and the Dotsons in order to proceed as Mr. Wersant has proposed. With that said, although Mr. Wersant's decision to represent the Dotsons may be unusual, the Court finds no appearance of impropriety in the arrangement. Further, he need not obtain Deutsche Bank's permission.[5]

Having reconsidered the Court's prior orders (ECF Nos. 68 & 72) on the now full record, the Court will permit Mr. Wersant to represent the Dotsons in regards to Deutsche Bank's crossclaim (ECF No. 64).

### 2. The Dotsons' Stricken Answer and Crossclaim

The Court struck the Dotsons' attempted answer and crossclaim (ECF No. 71)—filed by Mr. Wersant—for three reasons: (1) at that time, Mr. Wersant did not represent the Dotsons and thus could not file pleadings on the their behalf; (2) the answer and crossclaim were filed out of time; and (3) the Clerk had already entered default against the Dotsons. (ECF No. 72.) The Court, having now determined to permit Mr. Wersant to represent the Dotsons, has resolved only one of the three barriers to the Dotsons' filing.

The Dotsons have already filed what the Court construes as a motion to set aside the Clerk's Entry of Default. (*See* ECF No. 79 at 13-18.) Deutsche Bank will now be given an opportunity to respond in opposition as directed by the Court's accompanying order. If, after the

---

[5] That is not to say that the Court is entirely sanguine about Mr. Wersant's reappearance in this case. In recent months, Mr. Wersant submitted multiple filings on behalf of the Dotsons in violation of the Court's orders. And, even if Mr. Wersant had been permitted to represent the Dotsons at that time, all of Mr. Wersant's submissions were filed out of time. Despite the Court's frustration, however, there is no apparent violation of the MLRPC, the Court is persuaded that Mr. Wersant's substantial knowledge of the case adds significant value to these proceedings, and the Dotsons have requested that Mr. Wersant be permitted to represent their interests in this case.

issues have been fully briefed, the Court decides to grant the Dotsons' motion to set aside the Clerk's Entry of Default, Mr. Wersant will nevertheless need to file a motion for leave to file out of time, showing excusable neglect, pursuant to Federal Rule of Civil Procedure 6(b)(1)(B).

For these reasons, the Court does not rule at this time on Mr. Wersant's motion to reconsider the Court's order striking the Dotsons' answer and crossclaim.

## C.   CONCLUSION

Accordingly, an order shall issue GRANTING IN PART AND HOLDING IN ABEYANCE IN PART the Dotsons' motion to reconsider (ECF No. 79).

DATED this 8th day of May, 2015.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge
