## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

LANDMARK EQUITY FUND II, LLC     *

                            *

    **Plaintiff**

                            *

    **v.**                           **CIVIL NO. JKB-13-1304**

                            *

**REGINA M. DOTSON,** *et al.*

                            *

    **Defendants**              *

                            *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM AND ORDER

Now pending before the Court are two motions: (1) Deutsche Bank's motion to join Jeanette Dotson as a third-party defendant (ECF No. 76); and (2) Regina and Ladonja Dotsons' ("the Dotson Defendants") unopposed motion (ECF No. 79) to set aside the Clerk's Entry of Default (ECF No. 70). The issues have been briefed (ECF Nos. 76, 79, 84), and no hearing is required, Local Rule 105.6. For the reasons explained below, Deutsche Bank's motion to join (ECF No. 76) is GRANTED and the Dotson Defendants' motion to set aside default (ECF No. 79) is GRANTED.

The facts are largely unchanged as recounted in ECF No. 82. In summary, Deutsche Bank holds a Deed of Trust concerning 4830 Jackson Street, Hurlock, Maryland ("Parcel #1"). The Deed of Trust was executed by the Dotson Defendants in March 2005. Due to a recording error, Deutsche Bank's Deed of Trust includes an incorrect legal description of the property. Deutsche Bank has filed a crossclaim against the Dotson Defendants, seeking reformation of its Deed of Trust to reflect the correct legal description of Parcel #1.

Deutsche Bank now wants to amend its crossclaim to add a third-party claim against Jeanette V. Dotson[1] (also known as Jeanette V. Allen) as a necessary party, pursuant to Federal Rule of Civil Procedure 19. Jeanette Dotson did, and perhaps still does, hold an interest in Parcel #1; the property was conveyed to Regina and Jeanette Dotson in June 1976. (ECF No. 64-1.) In its crossclaim, Deutsche Bank alleged that "Jeanette V. Dotson is now deceased." (ECF No. 64 ¶ 6.) This allegation implies that Jeanette Dotson's interest in Parcel #1 had somehow passed to the Dotson Defendants, such that the Dotson Defendants had authority to execute the now disputed Deed of Trust. Deutsche Bank has since discovered that Jeanette Dotson is alive (ECF No. 76 at 4), and that she "may still hold an interest in [Parcel #1]," (*id.* at 3).

"A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if in that person's absence, the court cannot accord complete relief among existing parties; . . ." Fed. R. Civ. P. 19(a)(1)(A). The Dotson Defendants do not dispute that Jeanette Dotson is a necessary, or required, party pursuant to Rule 19. Instead, the Dotson Defendants argue that amending Deutsche Bank's crossclaim would be prejudicial, in bad faith, and futile, and thus an unlawful amendment under Rule 15.[2] (*See* ECF No. 79 at 18-20.)

Leave to file an amended or supplemental pleading should be "freely give[n] where justice so requires." Fed. R. Civ. P. 15(a)(2). A district court may deny leave, however, if (1) the new pleading would prejudice the opposing party; (2) the moving party has acted in bad

---

[1] The parties have characterized Deutsche Bank's motion as one seeking leave to amend Deutsche Bank's crossclaim. Technically, however, Jeanette Dotson cannot be party to a crossclaim because she was never a defendant in the original action. Instead, Deutsche Bank actually seeks to amend its claim to incorporate both a crossclaim against Regina and Ladonja Dotson, as well as a third-party complaint against Jeanette Dotson. Unless the parties object, and for the purpose of convenience, Deutsche Bank will be permitted to file a single pleading that incorporates both its crossclaim and third-party complaint. The pleading should specify that it brings claims via both procedural mechanisms, though.

[2] The Dotson Defendants also argue that "[t]he Motion for Joinder is procedurally improper" under Local Rule 103. Deutsche Bank has since corrected its improper filing, and the Court finds that Deutsche Bank's motion is procedurally valid under Local Rule 103.

faith; or (3) the new pleading would be futile (i.e., if it could not withstand a motion to dismiss). *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006); *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).

The Dotson Defendants first argue that the proposed amended pleading would be prejudicial because the Dotson Defendants are *pro se* litigants.  (ECF No. 79 at 18.)  This claim is no longer valid; the Dotson Defendants are now represented by Mr. Paul Wersant.  (ECF No. 83.)

Second, the Dotson Defendants contend that the amendment is dilatory and in bad faith. The Court has previously noted the "long and difficult history" of these proceedings.  (ECF No. 82 at 1.)  The Dotson Defendants cannot claim clean hands, however.  All parties in this case have contributed to delays.  The Court finds no evidence to suggest that Deutsche Bank's amendment is in bad faith, and Deutsche Bank cannot be held solely responsible for this case's protracted timeline.

Finally, the Dotson Defendants characterize the proposed amendment as futile, because Deutsche Bank's claim for reformation is allegedly barred by a state court foreclosure, time-bared by statute, and fails to state a claim for relief.  These arguments may well be dispositive once they are fully briefed, perhaps in a responsive pleading to Deutsche Bank's amended pleading.  At this time, though, the Court does not find Deutsche Bank's proposed amendment to be futile.

The Court finds no reason to deny Deutsche Bank leave to amend its pleading.  Further, Deutsche Bank merely seeks to add a necessary party pursuant to Rule 19, and the Court finds that justice so requires such joinder.

Accordingly, the Court ORDERS as follows:

1. Deutsche Bank's motion to join Jeanette Dotson (ECF No. 76) is GRANTED.

   a. The Court grants Deutsche Bank leave to amend its pleading in accordance with this order.  Deutsche Bank shall file its amended pleading on or before June 19, 2015.

   b. In accordance with Local Rule 103(6)(c), Deutsche Bank's amended pleading must include a redline copy, that identifies all changes made to the original pleading (ECF No. 64).

2. The Dotson Defendants' unopposed motion (ECF No. 79) to set aside the Clerk's Entry of Default (ECF No. 70) is GRANTED.

3. As previously ordered, the Dotson Defendants' prior "Answer and Crossclaim" (ECF No. 71) were filed out of time.  However, this issue will be moot upon Deutsche Bank's filing of an amended pleading.  The Dotson Defendants will then have to respond to the amended pleading in accordance with Federal Rule of Civil Procedure 15(a)(3).

DATED this _5th_ day of June, 2015.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge